Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KYM R. SECRIST, an individual;<br><br>Plaintiff;<br><br>v.<br><br>DENEFITS, LLC, a foreign limited-liability company; EQUIFAX INFORMATION SERVICES, LLC, a foreign limited-liability company;<br><br>Defendants. | Case No.: 2:20-cv-02204<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY DEMAND** |

Plaintiff, Kym R. Secrist ("Plaintiff"), by and through the undersigned counsel of record, and for his claims for relief against Defendants, Denefits, LLC ("Denefits") and Equifax Information Services, LLC ("Equifax"), complains and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

2. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because, at all relevant times, Plaintiff and Defendants resided and/or conducted business in the District of Nevada.

4. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

5. At all relevant times, Plaintiff resided in the State of Nevada.

6. As an individual, Plaintiff is a "consumer" under 15 U.S.C. 1681a(c).

7. Denefits is a foreign limited-liability company doing business in the State of Nevada.

8. Denefits regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b).

9. Equifax is a foreign limited-liability company doing business in the State of Nevada.

10. Equifax is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

11. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

12. Equifax disburses said consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

13. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

14. On or about October 2020, Plaintiff obtained a copy of his Equifax credit report and became aware that Defendants were reporting the following inaccurate information concerning Denefits – Account # KYSEXTXXXXXX (the "Account"):

- "At least 120 days or more than four payments past due"
- May 2020 – 30 days late
- June 2020 – 30 days late
- July 2020 – 120 days late
- August 2020 – 120 days late
- Past due amount of $2,379

- Balance of $3,122

15. Denefits is a financing company for medical procedures, among other services.

16. Plaintiff used Denefits to finance medical treatments through a Nevada medical provider.

17. Plaintiff was informed that if the treatments were unsuccessful that Plaintiff could cancel future services and would not be billed for any services that were not used.

18. Plaintiff was further informed that he could submit a claim to his insurance company and would likely receive a "refund" of any and all charges, less any required copays. This statement is false, and no such "refunds" were ever provided by Plaintiff's insurance provider because the procedure is experimental.

19. After the initial phase of treatments, it became clear that the medical provider could not produce the promised results.

20. In a phone call with Denefits' Patient Financing, a Denefits representative named "Scott" informed Planitiff that he would not be liable for any future payments to the Account and that Denefits would remove any delinquencies reporting to the national credit bureaus.

21. Denefits failed to update the Account as promised.

22. On October 12, 2020, Plaintiff submitted a written dispute to Equifax regarding the Account describing in detail the dispute and the account status.

23. Plaintiff enclosed with his written dispute copies of the Financing Agreement with Denefits and a screenshot of the inaccurate credit reporting to allow Equifax and Denefits to investigate and correct the inaccurate credit reporting.

24. On information and belief, Equifax submitted Plaintiff's dispute to Denefits for investigation.

25. Defendants failed to fully investigate or correct the inaccuracies in Plaintiff's credit report within thirty (30) days of receipt of Plaintiff's dispute.

26. Upon receipt of Plaintiff's dispute of the inaccurate information, Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any

attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

27. Defendants failed to report that Plaintiff disputes the accuracy of the credit reporting.

28. Defendants failed to conduct a lawful investigation of the disputed account information on Plaintiff's credit report.

29. In failing to delete the inaccurate information, Defendants continued to report inaccurate information in violation of the FCRA.

30. In failing to delete the inaccurate information, Defendants provided misleading information on Plaintiff's credit report in violation of the FCRA.

31. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score negatively.

## FIRST CLAIM FOR RELIEF

### [Violations of 15 U.S.C. § 1681e(b) against Equifax]

32. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

33. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning Plaintiff.

34. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit and loss of ability to purchase and benefit from credit.

35. Equifax's acts and omissions were willful, rendering them liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

36. In the alternative Equifax was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

37. As a direct and proximate result of the above-referenced violations by Equifax, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

38. Plaintiff is entitled to recover costs and attorneys' fees from Defendants in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

39. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

40. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## **SECOND CLAIM FOR RELIEF**

**[Violation of 15 U.S.C. § 1681i against Equifax]**

41. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

42. Equifax violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned above-referenced inaccurate information in Plaintiff's credit files after receiving actual notice of the inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source it has reason to know is unreliable.

43. As a direct and proximate result of this conduct by Equifax, Plaintiff suffered, and continues to suffer, damage by loss of credit, and the loss of the ability to purchase and benefit from credit.

44. Equifax's conduct was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

45. Plaintiff is entitled to recover costs and attorneys' fees from Equifax in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

///

///

///

## THIRD CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681s-2(b) against Denefits]**

46. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

47. Denefits violated the FCRA, 15 U.S.C. § 1681s-2(b), by continuing to report the false representations within Plaintiff's credit file with Equifax; by failing to investigate Plaintiff's dispute properly; by failing to review all relevant information regarding Plaintiff's dispute; by failing to respond to Equifax accurately; by failing to report results on Plaintiff's credit file correctly; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

48. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of ability to purchase and benefit from credit.

49. Denefits' acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

50. In the alternative, Denefits was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

51. As a direct and proximate result of the above-referenced violations by Denefits, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

52. Plaintiff is entitled to recover costs and attorney's fees from Denefits in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

53. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

54. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;

2. For an award of statutory damages;

3. For punitive damages;

4. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and

5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: December 7, 2020

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*